UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLFO PULIDO,<br><br>                    Petitioner,<br><br>          v.<br><br>MARTIN FRIEND, Acting Warden,<br><br>                    Respondent. | No.  1:18-cv-01178-JLT (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

On August 27, 2018, Petitioner filed the instant petition for writ of habeas corpus.  He states he suffered a stroke on or about September 18, 2017, and he requests an immediate transfer to a medical facility prison that can best address his medical needs.  The Court finds that Petitioner fails to establish grounds for habeas corpus relief, and that the proper avenue for his complaints is a Bivens action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Accordingly, the Court will recommend that the petition be **DISMISSED** without prejudice to filing a Bivens action.

                                                            **DISCUSSION**.

        In this action, Petitioner complains of the failure of the Bureau of Prisons to properly attend to his medical needs by transferring him to an appropriate medical care prison facility. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper

1   mechanism for a prisoner seeking to challenge the conditions of his confinement.  See Bivens v.

2   Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971);  Crawford v.

3   Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of petition challenging

4   conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to

5   attacks upon the legality or duration of confinement."); see, e.g., Blow v. Bureau of Prisons, 2007

6   WL 2403561 at *1 (E.D.Cal. Aug. 20, 2007) (habeas relief under § 2241 does not extend to

7   petitioner's request for access to law library because it concerns conditions of his confinement);

8   Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds by* Boyce v.

9   Ashcroft, 268 F.3d 953 (10th Cir. 2001)("[P]risoners . . . who raise constitutional challenges to

10   other prison decisions-including transfers to administrative segregation, exclusion from prison

11   programs, or suspension of privileges, e.g., conditions of confinement, must proceed under

12   Section 1983 or Bivens.").  Accordingly, Petitioner is not entitled to habeas corpus relief under §

13   2241 and this action should be dismissed without prejudice to his filing a Bivens civil rights

14   action.

15       In Nettles v. Grounds, the Ninth Circuit held that a district court has the discretion to

16   construe a habeas petition by a state prisoner as a civil rights action under § 1983.  Nettles v.

17   Grounds, 830 F.3d 922, 936 (9th Cir. 2016).  Recharacterization is appropriate only if it is

18   "amenable to conversion on its face, meaning that it names the correct defendants and seeks the

19   correct relief," and only after the petitioner is warned of the consequences of conversion and is

20   provided an opportunity to withdraw or amend the petition.  Id.  However, the Ninth Circuit

21   ruling in Nettles concerned state prisoners and was not extended to federal prisoners.  But even

22   assuming Nettles can be extended to federal prisoners, the Court does not find recharacterization

23   to be appropriate because the instant petition is not amenable to conversion on its face.

24   Accordingly, the Court should not exercise its discretion to recharacterize the action.  The Court

25   will recommend that the Clerk of Court provide blank forms for filing a Bivens action.

26   **ORDER**

27       the Court **ORDERS** that the Clerk of Court shall randomly assign a district judge to this

28   case.

2

| | |
|---|---|
| 1 | **RECOMMENDATION** |
| 2 | Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be |
| 3 | DISMISSED without prejudice to Petitioner commencing a <u>Bivens</u> action, and the Clerk of Court |
| 4 | be DIRECTED to provide Petitioner with blank forms for filing a <u>Bivens</u> action. |
| 5 | This Findings and Recommendations is submitted to the United States District Court |
| 6 | Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 |
| 7 | of the Local Rules of Practice for the United States District Court, Eastern District of California. |
| 8 | Within twenty-one days after being served with a copy of this Findings and Recommendations, |
| 9 | Petitioner may file written objections with the Court.  Such a document should be captioned |
| 10 | "Objections to Magistrate Judge's Findings and Recommendations.  The Court will then review |
| 11 | the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that |
| 12 | failure to file objections within the specified time may waive the right to appeal the Order of the |
| 13 | District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 14 | |
| 15 | IT IS SO ORDERED. |
| 16 | Dated:   **September 4, 2018**                         **/s/ Jennifer L. Thurston**<br>                                                           UNITED STATES MAGISTRATE JUDGE |